## Kirkpatrick, Appellant, v. Zintl.

*Mechanics' liens — Building contract — Misdescription—Stipulation against liens—Waiver.*

Where a subcontractor has filed a lien against a property, alleging as his sole authority therefor, an agreement between the contractor and the owner, which contained a valid stipulation against liens and was duly recorded, he cannot escape the effect of such stipulation from the mere fact that the contract contained a misdescription of the property. In such cases he must either be considered to be bound by the terms of the contract, or to have failed to establish any relation between the owner and the contractor which would entitle the plaintiff to his lien.

Argued Nov. 19, 1918. Appeal, No. 210, Oct. T., 1918, by plaintiff, from judgment of C. P. Delaware Co., Dec. T., 1916, No. 194, M. L. D., for defendant n. o. v., in case of Ezekiel Kirkpatrick, trading as Collingdale Millwork Co., v. Elizabeth M. Zintl, owner or reputed owner, and Harry Davis, Contractor. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Scire facias sur mechanic's lien. Before BROOMALL, J.

The facts are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for plaintiff for $787.88. Subsequently the court entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Albert J. Williams,* for appellant.

*Charles I. Cronin,* for appellee.

OPINION BY HEAD, J., April 21, 1919:

Upon the trial of this action of scire facias sur mechanic's lien it plainly appeared there were no essential

facts in dispute and that the controlling question was one of law for decision by the court. The learned trial judge, therefore, pro forma, directed a verdict for the plaintiff, fixing the amount of his claim, if he were entitled to recover at all, but thereafter entered judgment on the entire record in favor of the defendant non obstante veredicto. From that judgment comes this appeal.

In such a case we think it is clear the court was obliged to dispose of the exact case that was presented by the plaintiff rather than one that might or could have been presented under a similar state of facts. The case was this; the plaintiff was engaged in the manufacture or sale or both of finished lumber of the kind that would be required in the construction of a dwelling house. He made an agreement in writing with one Davis to furnish a specified list of such material at a price satisfactory to both. Not having received payment from Davis he filed a mechanic's lien against a dwelling house owned by one Mrs. Zintl which had been erected on a lot fully described in the lien as filed. That lien further set forth that Davis, at whose instance and upon whose contract the lumber had been furnished, was the contractor employed by the owner for the construction of the dwelling. There was no question but that the lien was sufficient in form and substance and that the various notices required by the statute, where the claimant is a subcontractor, had been duly given. Upon the trial these matters were all formally admitted, as well as the amount that was due and owing to the plaintiff, if he were entitled to recover at all. The plaintiff then for the purpose of showing that Davis, the man with whom he dealt, was the contractor employed by the owner for the construction of the dwelling house, produced a contract in writing between the said owner and the said Davis fully authorizing him to build the house for the price named, but to build it on an entirely different lot from the one described in the lien, although it was an adjoining lot owned by the same per-

son. The plaintiff then testified, and his testimony was without contradiction, that the house which was constructed on a different lot from that described in the contract had been actually built under that contract. In other words, that the parties to that contract had ignored the mistake in the description therein contained and had fully executed the contract, although the building was actually erected on the adjoining lot. That contract was offered in evidence by the plaintiff and admitted without objection. We must now inquire in what situation the plaintiff was left as the result of the proof which he himself had offered. If the contract, because of its terms, had no application to the lot or building against which he filed his lien, then he had failed to show that Davis had any authority from the owner as a general contractor to build the house that was constructed and, as a consequence, he could confer no right of lien upon the subcontractor from whom he purchased material. If, per contra, this contract, notwithstanding the misdescription of the lot, was regarded by the plaintiff as sufficient to establish Davis in the relation of general contractor towards the building, then he was confronted by this further difficulty. That contract contained a valid stipulation, providing that neither Davis himself nor any subcontractor under him, should have the right to file a lien against the building; and for himself and for all subcontractors the said Davis expressly waived any such right. This contract was duly recorded in the manner and within the time provided by the statute. If it were operative, and the plaintiff by producing it in evidence declared it to be so, then the only contract on which he relied to establish that Davis was the contractor contemplated by the statute, denied both to Davis and the plaintiff the right to take advantage of the statutes relating to mechanics and materialmen. We think the learned court below, therefore, was necessarily constrained to hold that, upon the record as made by the plaintiff, there was no support for a judgment in his

favor and, consequently, that judgment must go in favor of the defendant.

The assignments of error are overruled and the judgment is affirmed.